IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHELLE BAKER** | ) | **CASE NO: 14-cv-284** |
| 481 S. Otterbein Avenue | ) | |
| Westerville, OH  43081 | ) | **JUDGE** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **MEDICREDIT, INC.** | ) | |
| c/o CT Corporation System, Stat. Agent | ) | |
| 1300 East Ninth Street | ) | |
| Cleveland, OH  44114 | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES PLAINTIFF, **MICHELLE BAKER,** by and through the undersigned counsel, and for her Complaint against Defendant **MEDICREDIT, INC. ("MediCredit")** alleges and states as follows:

**INTRODUCTION**

1. This is an action for actual and statutory damages brought by Plaintiff, Michelle Baker, an individual consumer, against MediCredit (collectively "Defendant"), for violations of the

Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and which creates a private right of action to redress violations thereof.

2. It is also for corollary claims under Ohio's Consumer Sales Practices Act, R.C. §1345 *et seq.* ("CSPA").

3. This action is also brought for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 (the "TCPA"), which prohibits calls using automatic telephone dialing systems or artificial or prerecorded voices to cellular telephones without the express permission of the recipient, and which creates a private right of action to redress violations thereof. Congress has found that such unwanted automated calls are a "nuisance and an invasion of privacy, regardless of the type of call." *Id*.

## VENUE AND JURISDICTION

4. The action arises under 15 U.S.C. §1692 and 47 U.S.C. §227, federal statutes, and thus this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

5. Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that Defendants transact business in this District and the cause of action asserted herein arose in this District.

## PARTIES

6. Michelle Baker is, and was at all relevant times herein, a resident of Franklin County, Ohio.

7. Michelle Baker is a "consumer" as that term is defined under the FDCPA, 15 U.S.C. §1692a(3) and the CSPA.

8. MediCredit is a foreign corporate entity, which is registered to do business in Ohio, attempting to collect debts or otherwise obtain funds from Ohio consumers.

9. MediCredit is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) and a "supplier" under the CSPA.

## FACTS

10. MediCredit began calling Michelle Baker within the past year in an attempt to collect an alleged debt.

11. MediCredit's calls have been excessive, on occasion daily, and on occasion multiple times per day.

12. MediCredit's calls were made to Ms. Baker on her cell phone.

13. These calls were generated by an automated telephone dialing system and/or employed an electronic or prerecorded voice.

14. At no time did Ms. Baker grant permission to the MediCredit to call her on her cell phone; and even if she had, that permission was revoked as described herein.

15. Ms. Baker asked MediCredit at least four (4) times to stop calling her.

16. However, MediCredit refused to do so.

17. In fact, MediCredit called Ms. Baker at least forty (40) times subsequent to her multiple requests to cease calling her cell phone.

18. When Ms. Baker answered many of MediCredit's calls, all she received was a recorded message telling hear to wait for the next available operator.

19. MediCredit's automated message often required that Ms. Baker to input her personal information, such as her social security number and birthdate, if she wanted to speak with a live person.

20. When Ms. Baker did speak with a live person, in addition to demanding that the robocalls to her cell phone cease, she also requested that all communication be in writing.

21. However, MediCredit refused to honor this request as well.

22. MediCredit's actions have caused Ms. Baker annoyance, disturbance, and other emotional injury.

23. In connection with the facts, events, and averments herein, Defendants acted willfully and maliciously, with spite and ill will, and/or with reckless disregard for Plaintiff's rights and safety.

**FIRST CLAIM FOR RELIEF**
(FDCPA Violations)

24. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully re-written herein.

25. Defendant violated 15 U.S.C. §1692d generally by engaging in the conduct described herein and other conduct to be proven at trial, which had the natural consequence to "harass, oppress, or abuse" Michelle Baker in the connection with the collection of the alleged debt.

26. Defendant violated 15 U.S.C. §1692d(5) by placing excessive telephone calls to her.

27. Defendant violated 15 U.S.C. §1692d(6) by placing telephone calls to her without meaningful disclosure of the caller's identity.

28. The Defendant's conduct violated 15 U.S.C. §1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. Defendant violated 15 U.S.C. §1692f generally by engaging in the conduct described herein and other conduct to be proven at trial, which is unfair and unconscionable.

30. Defendant violated 15 U.S.C. §1692f(5) by calling Plaintiff's cell phone.

31. Defendant violated 15 U.S.C. §1692g by failing to properly inform the Plaintiff of their rights as required by law and by failing to verify the alleged debt and/or by continuing to call him despite the notice of dispute and request for verification.

32. Defendant violated the FDCPA in other ways as described herein and to be proven at trial.

33. Under the FDCPA, Michelle Baker is entitled to recover statutory damages, actual, damages, attorney fees, and costs, for the violations described herein.

### SECOND CLAIM FOR RELIEF
(CSPA Violations)

34. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully re-written herein.

35. As described herein and to be proven at trial, Defendant engaged in unfair and deceptive acts in violation of R.C. §1345.02 *et seq*.

36. As described herein and to be proven at trial, Defendant engaged in unfair and unconscionable acts in violation of R.C. §1345.03 *et seq*.

37. Specifically, as described above, Defendant engaged in conduct which violates the FDCPA.

38. By violating the FDCPA, Defendant has violated CSPA.

39. Each of Defendant's violations of the FDCPA is a separate violation of the CSPA.

40. The Public Inspection File of the Ohio Attorney General contains cases declaring the acts and practices described herein to be illegal.

41. Under the CSPA, Defendant is liable to Michelle Baker for treble actual damages or $200 per violation, up to $5,000 for emotional and other noneconomic damages, plus costs and attorney fees.

## THIRD CLAIM FOR RELIEF
(TCPA Violations)

42. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully re-written herein.

43. As described above, Defendant knowingly made calls to Ms. Baker's cellular telephone, via an automatic telephone dialing system and/or using an artificial or prerecorded voice, without her express permission.

44. Thus, under the TCPA, Defendant is liable to the Plaintiff for a minimum of $500 per phone call and up to $1,500 per call since the calls were made knowingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. That this Court award to Michelle Baker statutory damages of $1,000 from Defendant herein for its various violations of the FDCPA.

B. That this Court award to Michelle Baker $200 each violation of the CSPA.

C. That this Court award to Michelle Baker $5,000 for noneconomic damages pursuant to R.C. 1345.09(B).

D. That this Court award to Michelle Baker actual damages in an amount to be proven at trial, including for emotional distress, annoyance, aggravation, loss of reputation, embarrassment, damage to credit, depression, anxiety, sleep deprivation, loss of appetite, and associated physical ailments.

E. That this Court award to Plaintiff $1,500 for each call placed by Defendant to her cell phone.

F. That this Court award attorney's fees, costs, and interest to Michelle Baker pursuant to the FDCPA, CSPA, and other applicable law.

G. That this Honorable Court awards to Michelle Baker such other and further relief as may be just and equitable, including declaratory relief.

> Respectfully submitted,
>
> s/ Michael L. Fine_____
> Michael L. Fine (0077131)
> 3637 South Green Road, 2nd Floor
> Beachwood, OH  44122
> Phone & fax:  (216) 292-8884
> mfine@ohioconsumerlawyer.com

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

> s/ Michael L. Fine_____
> Michael L. Fine (0077131)
> 3637 South Green Road, 2nd Floor
> Beachwood, OH  44122
> Phone & fax:  (216) 292-8884
> mfine@ohioconsumerlawyer.com